IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.  5:15-CR-247 (DNH) |
| v. | |
| CORNELL B. WEATHERS, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

**I**
**INTRODUCTION**

On April 27, 2016, the defendant pled guilty to counts 1, 2, 3, 4, and 6 of six-count Indictment 15-CR-247. Count 1 charges on or about April 9, 2015, in Oneida County in the Northern District of New York, the defendant distributed a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). That violation involved a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

Count 2 charges on or about April 9, 2015, in Oneida County in the Northern District of New York, the defendant distributed a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). That violation involved a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

Count 3 charges on or about April 10, 2015, in Oneida County in the Northern District of New York, the defendant possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). That violation involved a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

Count 4 charges on or about April 10, 2015, in Oneida County in the Northern District of New York, the defendant possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). That violation involved a mixture and substance containing a detectable amount of cocaine base (crack), in violation of Title 21, United States Code, Section 841(b)(1)(C).

Count 6 charges on or about April 10, 2015, in the Northern District of New York, the defendant, in furtherance of a drug trafficking crime for which he could be prosecuted in a court of the United States, that is distribution and possession with intent to distribute a controlled substance, that is cocaine, knowingly possessed in and affecting commerce a firearm, that is: a Taurus .44 caliber revolver. In violation of Title 18, United States Code, Section 924(c)(1)(A).

His sentencing is scheduled for August 31, 2016 in Utica, New York.

## II
## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum and Minimum Sentences**

On Counts 1-4, the maximum term of imprisonment is 30 years, pursuant to 21 U.S.C. § 841(b)(1)(C).  The Court must impose a term of supervised release of at least six years up to life

on Counts 1-4, pursuant to 21 U.S.C. § 841(b)(1)(C).  The maximum fine for Counts 1-4 is $2,000,000, pursuant to 21 U.S.C. § 841(b)(1)(C).

On Count 6, the minimum term of imprisonment is five years to run consecutive to Counts 1-4 and the maximum term is life, pursuant to 18 U.S.C. § 924(c)(1)(A).  On Count 6, the Court may impose a term of supervised release of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).  The maximum fine on Count 6 is $250,000, pursuant to 18 U.S.C.§ 3571(b).

**2.      Guidelines Provisions**

The combined offense level is 13 and the criminal history category is III for Counts 1-4 for a guideline range of 18 to 24 months.  The guideline sentence for Count 6 is 60 months, which is to be served consecutively to the sentenced imposed on Counts 1-4.  The guideline range for a term of supervised release on Counts 1-4 is six years to life.  U.S.S.G. §5D1.2(c). On Count 6, the guideline range for a term of supervised release is not more than five years, pursuant to U.S.S.G. §5D1.2(a)(1).  The fine range for this offense is from $4,000 to $8,000,000. U.S.S.G. §5E1.2(h)(1).

### III
### GOVERNMENT'S SENTENCING RECOMMENDATION

The Government respectfully requests that the Court sentence the defendant to a guideline sentence of 80 months, 6 years supervised release, forfeiture pursuant to the preliminary order of forfeiture and a special assessment of $500.  The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).  This sentence reflects the seriousness of the

violation and provides adequate deterrence against future violations.  In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'  *Kimbrough v. United States*, 552 U.S. 85 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").  Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity."  *Rita v. United States*, 551 U.S. 338, 354 (2007).

In conclusion, the sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).[1]

DATED:  August 8, 2016                    Respectfully submitted,

                                          RICHARD S. HARTUNIAN
                                          United States Attorney

                              By:    */s/ Geoffrey J.L. Brown*
                                          Geoffrey J.L. Brown
                                          Assistant United States Attorney
                                          Bar Roll No. 513495

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See*  Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

        v.

CORNELL B. WEATHERS,

        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal Action No.

Case No.  5:15-CR-247 (DNH)

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, I electronically filed the **GOVERNMENT'S SENTENCING MEMORANDUM** with the Clerk of the District Court using the CM/ECF system, which sent notification of such to the following CM/ECF participant:

    Lisa A. Peebles, Esq.

                                                         __*/s/ James E. Hendry*__
                                                         James E. Hendry
                                                         Legal Assistant